No. 86      February 12, 2025      715

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL ADAM HUMPHREY,
*Defendant-Appellant.*

Lane County Circuit Court
21CR50460; A179475

Kamala H. Shugar, Judge.

Argued and submitted April 29, 2024.

David Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals from a judgment convicting him of second-degree assault, ORS 163.175 (Count 1); unlawful use of a weapon, ORS 166.220 (Counts 3 and 5); and menacing, ORS 163.190 (Counts 4 and 6). Defendant's sole assignment of error is to the denial of a motion to suppress evidence gathered during a police encounter with defendant shortly after the assault occurred. Defendant argues that he was stopped when the officers turned their lights on, and that the stop was not based on reasonable suspicion. We conclude that defendant was stopped when the first officer parked her car and turned the emergency lights on, and that she had reasonable suspicion to stop defendant based on the description she heard and defendant's proximity to the crime shortly after it happened. We thus affirm.

We review a trial court's ruling on a motion to suppress for errors of law. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). "We are bound by the trial court's factual findings if there is constitutionally adequate evidence to support them." *State v. Edwards*, 319 Or App 60, 62, 509 P3d 177, *rev den*, 370 Or 212 (2022) (citing *Ehly*, 317 Or at 75). If the trial court did not make express findings of fact on all pertinent issues, we "presume that the facts were decided in a manner consistent with the court's ultimate conclusion," but only if the evidence allows for application of that presumption. *Ehly*, 317 Or at 75.

We state the relevant facts in light of the standard of review. Officers Mueth and Kroeker of the Eugene police responded—in separate cars—to "vague" 9-1-1 calls that two people had been hit by an assailant with a stick. Kroeker testified it only took "a couple minutes" to reach the scene after being dispatched. Upon arriving on the scene, the officers remained in their vehicles, but rolled down their windows to talk to a group of victims and bystanders. Mueth was told that the suspect was a 45- to 50-year-old Black male, along with the direction that he ran. The entire interaction happened in less than 20 seconds before the officers departed in the direction indicated. Mueth was in the lead car, and saw defendant less than a minute later, sitting alone at a bus stop.

Kroeker was not sure exactly how far the officers travelled from the victims, initially suggesting that the bus stop had been three blocks away, but then remembered that she could still see the lights of the firetruck that had come to help the victims and reasoned that it must have been about a block away.

Mueth put her emergency lights on, parked her car in a canted position in the street, and exited the car. Kroeker drove slightly past Mueth, parked, and exited her vehicle. Mueth was the primary officer. She told defendant the following upon approaching him:

> "Police, so you know our contact is being recorded, so the reason for the stop tonight is we got a call that somebody was beating somebody with a baseball bat and you match the description for the guy involved."

Defendant then acknowledged that he had been in an altercation. Mueth read defendant his *Miranda* rights, and defendant made further incriminating statements about using a piece of bamboo to hit one of the victims.

Pretrial, defendant moved to suppress all evidence obtained from the stop. The court denied the motion to suppress defendant's incriminating statements, concluding that the stop was both subjectively and objectively reasonable. The court concluded that both Kroeker and Mueth had reasonable suspicion to stop defendant based on the totality of the circumstances. A jury found defendant guilty on five counts related to the assaults. Defendant timely appealed.

On appeal, defendant challenges whether there was reasonable suspicion for the stop. As an initial matter, we must determine when the stop began. The state conceded at the pretrial hearing that the encounter became a stop at some point. Defendant argues that the stop began at the moment Mueth turned her emergency lights on. The state argues that the stop did not begin until the officers approached defendant on foot.

Under Article I, section 9, of the Oregon Constitution, a person is seized:

"(a)   if a law enforcement officer intentionally and sig-
nificantly restricts, interferes with, or otherwise deprives
an individual of that individual's liberty or freedom of move-
ment; or (b) if a reasonable person under the totality of the
circumstances would believe that (a) above has occurred."

*State v. Ashbaugh*, 349 Or 297, 316, 244 P3d 360 (2010). "[A]n
officer stops a person when the officer explicitly or implicitly
conveys to the person, either by word, action, or both, that
the person is not free to terminate the encounter or other-
wise go about his or her ordinary affairs." *State v. Jackson*,
268 Or App 139, 145, 342 P3d 119 (2014) (internal quotation
marks omitted). "Whether an officer's conduct amounts to a
stop is a fact-specific question" resolved by an examination
of the totality of the circumstances. *Id*.

     Here, defendant was stopped when Mueth turned
her emergency lights on, pointed the car at defendant, and
parked her car close to defendant—with defendant illumi-
nated by the lights. *See State v. Levias*, 242 Or App 264, 267,
255 P3d 611 (2011) (use of lights indicated a stop); *State v.
Kuehne*, 300 Or App 698, 704, 454 P3d 797 (2019), *rev den*, 366
Or 493 (2020) (concluding that the defendant was not stopped
when the officer's emergency lights were on, but not pointed
at or near the defendant, and the defendant was 150 feet from
the police car). With no one else around,[1] and no other obvious
targets of a stop, a reasonable person would believe that they
were not free to leave upon the arrival of a police car with its
emergency lights on that parked pointed towards them.

     We now must determine whether Mueth had reason-
able suspicion at the moment that she parked the car and
turned her emergency lights on. *State v. Worthington*, 265 Or
App 368, 371, 335 P3d 348 (2014), *rev den*, 356 Or 837; 357
Or 300 (2015) (only facts available before the stop are consid-
ered to evaluate reasonable suspicion). Reasonable suspicion
exists "when an officer can point to specific and articulable
facts that give rise to a reasonable inference that the defen-
dant committed or was about to commit a specific crime or
type of crime." *State v. Maciel-Figueroa*, 361 Or 163, 165, 389
P3d 1121 (2017). The officer must subjectively believe that the

---

[1] Although some bystanders watched or walked by during later points of the
encounter, the area was empty at the time of the stop.

person stopped has committed a crime and that belief must be objectively reasonable considering the totality of the circumstances. *State v. Mitchele*, 240 Or App 86, 90, 251 P3d 760 (2010). The proximity of a suspect to the scene of a crime within a few minutes after the occurrence of a crime is a fact that supports reasonable suspicion. *State v. Brown*, 298 Or App 771, 780, 446 P3d 568, *rev den*, 365 Or 819 (2019); *State v. Blackstone*, 289 Or App 421, 433, 410 P3d 354 (2017).

By the time of the suppression hearing, Mueth had moved out of state and was unavailable to testify, but the state entered her bodycam footage into evidence. Defendant conceded at oral argument that Mueth's bodycam could be used to prove her subjective intent. Mueth's statements recorded on the video upon encountering defendant indicated that she was stopping him because she had received reports of an assault with a weapon and that he matched the description of the suspect. The evidence was sufficient for the trial court to conclude that Mueth had the subjective belief that defendant had committed a crime.

Turning to objective reasonableness, Mueth knew that the suspect was a Black male, aged 45 to 50, that the crime had occurred just minutes earlier, and that the suspect had fled on foot in a particular direction. She came upon defendant less than a minute away from the scene, and only a few minutes after the crime had occurred, in the direction that witnesses had indicated, and defendant matched the information she had. Based on that information, Mueth's belief that defendant had committed the crime was objectively reasonable. *See State v. Nguyen*, 176 Or App 258, 260, 31 P3d 489 (2001) (reasonable suspicion existed when the officer arrived two minutes after a 9-1-1 call; knew the suspects' direction of travel, their age, their gender, and that they had dark hair; and the officer saw that the suspects were the only people on the road).

We conclude that the trial court did not err when it determined, based on the totality of the circumstances, that Mueth had reasonable suspicion to believe that defendant had committed a crime. The trial court did not err by denying defendant's motion to suppress.

Affirmed.